United States District Court

Eastern District of California

Tony Marquet Campbell,

      Plaintiff,                        No. Civ. S 04-2721 DFL PAN P

  vs.                                    Order

R. Brown, et al.,

      Defendants.

-oOo-

Plaintiff is a state prisoner without counsel prosecuting a civil rights action.

April 8, 2005, the court dismissed plaintiff's initial pleading with leave to amend. Plaintiff filed an amended complaint June 30, 2005.

The amended complaint does not state a cognizable claim against any defendant, and it is dismissed with leave to amend.

Any amended complaint must show the federal court has jurisdiction and that plaintiff's action is brought in the right

place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. <u>See</u> <u>Swierkiewicz v.</u>

1 Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting
2 point of a simplified pleading system, which was adopted to focus
3 litigation on the merits of a claim."); Fed. R. Civ. P. 8.

4     Plaintiff must eliminate from plaintiff's pleading all
5 preambles, introductions, argument, speeches, explanations,
6 stories, griping, vouching, evidence, attempts to negate possible
7 defenses, summaries, and the like. McHenry v. Renne, 84 F.3d
8 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for
9 violation of Rule 8 after warning); see Crawford-El v. Britton,
10 523 U.S. 574, 597 (1998) (reiterating that "firm application of
11 the Federal Rules of Civil Procedure is fully warranted" in
12 prisoner cases).

13     A district court must construe pro se pleading "liberally"
14 to determine if it states a claim and, prior to dismissal, tell a
15 plaintiff of deficiencies in his complaint and give plaintiff an
16 opportunity to cure them. Noll v. Carlson, 809 F.2d 1446 (9th
17 Cir. 1986).

18     It is sufficient, for example, for a prisoner who claims the
19 conditions of his imprisonment violate the Eighth Amendment
20 prohibition against cruel and unusual punishment to allege facts
21 that would, if proven, establish an identified state actor used
22 force against plaintiff maliciously and sadistically for the very
23 purpose of causing harm. See Farmer v. Brennan, 511 U.S. 825,
24 834 (1994). (On the other hand, prison officers imposing
25 discipline act in haste, under pressure and without the luxury of
26 a second chance; therefore, no Eighth Amendment violation occurs

where force is applied to maintain or restore discipline but not maliciously and sadistically.)

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, supra. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.  See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  The requirement

4

1  is mandatory.  <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).
2  Plaintiff is further admonished that by signing an amended
3  complaint he certifies his claims are warranted by existing law,
4  including the law that he exhaust administrative remedies, and
5  that for violation of this rule plaintiff risks dismissal of his
6  action.
7     Accordingly, the June 30, 2005, amended complaint is
8  dismissed with leave to amend within 30 days.  Failure to file an
9  amended complaint will result in a recommendation this action be
10 dismissed for failure to state a claim.  If plaintiff files an
11 amended complaint stating a cognizable claim the court will
12 proceed with service of process by the United States Marshal.
13    So ordered.
14    Dated:  December 27, 2005.

                                  /s/ Peter A. Nowinski
                                  PETER A. NOWINSKI
                                  Magistrate Judge