1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

TONY MARQUET CAMPBELL,

11

       Plaintiff,              No. CIV S-04-2721 DFL EFB P

12

   vs.

13

R. BROWN,

14

       Defendant.          <u>FINDINGS AND RECOMMENDATIONS</u>

15

_____/

16

      Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights

17

action pursuant to 42 U.S.C. § 1983.  The matter is currently before the court on defendant's

18

12(b) motion to dismiss for failure to exhaust administrative remedies.

19

**I.  Standards Applicable to This Motion**

20

      Defendant's motion to dismiss challenges whether plaintiff has met the requirement of

21

the Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought" until available

22

administrative remedies are exhausted.  42 U.S.C. § 1997e(a).  The Ninth Circuit has held that

23

the PLRA's exhaustion requirement is not jurisdictional.  *Wyatt v. Terhune*, 315 F.3d 1108,

24

1117, n.9 (9th Cir. 2003).  Moreover, "nonexhaustion under § 1997e(a) of the PLRA does not

25

impose a pleading requirement."  *Id.* at 1119.  Rather, the Ninth Circuit held "that § 1997e(a)

26

creates a defense–defendants have the burden of raising and proving the absence of exhaustion."

*Id.*  Given the conclusion that exhaustion for purposes of the PLRA is neither a pleading requirement nor a jurisdictional prerequisite, the quintessential grounds for motions under Rule 12(b), it would appear that the procedures under Rule 56 (not Rule 12) provide the appropriate tool for addressing a prisoner's failure to meet the requirement.[1]  It is, after all, the facts establishing exhaustion, not allegation of its completion in the complaint, that are being challenged.  Indeed, the complaint need allege nothing about exhaustion.  Instead, it is defendant's burden to present evidence proving the failure to exhaust.  However, in light of *Wyatt*, under which procedural rule the issue should be raised is not clear.

Initially, *Wyatt* instructs that "the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement,[2] which is subject to an unenumerated

[1]  Summary judgment procedures under Rule 56 test whether a dispute over a given fact is genuine, and, if so, whether the dispute over that fact makes any difference to the outcome of the case.  *Celotex*, 477 U.S. at 323.  This is true whether a failure of proof is over an element to the claim or an inability to overcome an affirmative defense once the defendant has presented evidence establishing that defense.  "There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial."  *Id.*  Thus, of particular relevance here, if a claim is barred due to a failure to exhaust administrative remedies, all other facts are rendered immaterial and the court must dismiss.  The dismissal, however, follows the application of the procedural mechanics of Rule 56 to determine whether the opposing party's evidence is adequate to establish a genuine factual dispute.  Where those procedures result in the conclusion that the plaintiff cannot prove his factual allegations refuting the evidence of failure to exhaust, the dispute is not genuine and the complaint must be dismissed.  The principle is hardly novel.  It applies whenever a material fact affects the outcome, whether it is on technical grounds, such as exhaustion, the unexcused delay beyond an expiration of a statute of limitations, a lack of standing based on fact specific reasons, etc., or on the merits due to an inability to establish an element of the underlying claim.

[2]  A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim."  *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).  It has its roots in the common-law "plea in abatement," abolished by Rule 7 of the Federal Rules of Civil Procedure Fed. R. Civ. P. 7(c).  Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement.  *Black's Law Dictionary* 4 (6th ed. 1990).  The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it.  It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies."  *Black's Law Dictionary* 1151 (6th ed. 1990).  The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form

1    Rule 12(b) motion rather than a motion for summary judgment." *Wyatt*, 315 F.3d at 1119.  The

2    *Wyatt* opinion observes that summary judgment is ordinarily judgment "on the merits."  *Id.*

3    However, as noted, the standards under Rule 56 are used when a Rule 12 motion seeks to

4    establish predicate facts by materials extrinsic to the complaint.  Furthermore, *Wyatt* is quite

5    clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to

6    the sufficiency of the allegations in the complaint.  It is a motion in which defendant must raise

7    and *prove by evidence* the absence of exhaustion.  *Id.*  In this regard, the Ninth Circuit in *Wyatt*

8    suggests further guidance.  It recognizes that when the district court looks beyond the pleadings

9    to a factual record in deciding the exhaustion motion, it necessarily does so under "a procedure

10   closely analogous to summary judgment."  *Id.*, n.14.  The court applies the summary judgment

11   standards here.

12          Resort to the procedural safeguards of Rule 56 is for sound reason.  Where the issue in

13   dispute is one of fact (did, or did not, plaintiff perform the acts required to exhaust available

14   remedies?) it is well established that regardless of whether a genuine factual dispute is over an

15   element of a cause of action (i.e., an issue going to the merits of the claim), or over an

16   affirmative defense such as a statute of limitations or exhaustion, the court may not weigh and

17   resolve credibility on paper.  *United States v. Two Tracts of Land in Cascade County, Mont*., 5

18   F.3d 1360, 1362 (9th Cir. 1993) (determination that affidavit on summary judgment motion

19   lacked credibility was improper prior to live testimony at trial); *Buffalo v. Sunn*, 854 F.2d 1158,

20   1166 (9th Cir. 1988) (conflicting affidavits over cause for meeting a deadline requires resolution

21   through live testimony).  For this reason, courts utilize the procedures of Rule 56 to determine if

22   _____

23   by this rule."  Thus, for example, the Revision Notes to 28 U.S.C.A. § 2105 (West 2006), which
     prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the
24   Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil
     Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor.  The
25   words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement'
     and 'plea to the jurisdiction.'"  Modernly, a party makes a motion under Rule 12, Rule 41, or 56,
26   as appropriate, instead of making a plea in abatement.  *See Black's Law Dictionary* 4, 1151-1152
     (6th ed. 1990) ("abatement of action," and "plea in abatement).

1    there is a genuine dispute over an issue that is material to the outcome.[3]  Likewise, the court

2    must recognize the command in Rule 12(b) that where matters extrinsic to the complaint are

3    submitted with a motion brought under that Rule, the motion must be converted to a motion for

4    summary judgment.  The panel's opinion in *Wyatt* expressly accounts for this, recognizing that

5    "if the district court looks beyond the pleadings to a factual record in deciding the motion to

6    dismiss for failure to exhaust--a procedure closely analogous to summary judgment--then the

7    court must assure that [the non-moving party] has fair notice of his opportunity to develop a

8    record."  *Wyatt*, 315 F.3d at 1120, n.14.

9       Here, defendant's motion necessarily requires the court to consider the affidavits and

10    exhibits presented for the purpose of proving the absence of exhaustion.  Accordingly, the court

11    will follow the analogous procedures of Rule 56 to address this motion and its supporting

12    affidavit and exhibits.  Those standards are well established.

13    **II.**    **Rule 56 Standards**

14       Summary judgment is appropriate when there is no genuine issue of material fact and the

15    movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

16    *Catrett*, 477 U.S. 317, 322 (1986).[4]  As explained by the Ninth Circuit, the utility of Rule 56 to

17

---

18       [3] A similar approach is utilized over challenges to jurisdictional facts.  A district court

19    may take evidence and make findings of fact necessary to rule on the subject matter jurisdiction
question prior to trial if the jurisdictional facts are not intertwined with the merits.  *Augustine* v.

20    *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  "[I]f the jurisdictional issue and substantive
claims are so intertwined that resolution of the jurisdictional question is dependent on factual

21    issues going to the merits, the district court should employ the standard applicable to a motion
for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the

22    material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a
matter of law.  Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier

23    of fact."  *Rosales* 824 F.2d at 803 (citing *Augustine,* 704 F.2d at 1077).

24       [4] On October 5, 2004, the court expressly informed plaintiff of the requirements for
opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v.*

25    *Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),  *cert. denied*, 527 U.S. 1035 (1999), and
*Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Pursuant to *Wyatt*, 315 F.3d at

26    1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure
to exhaust motion that is supported by affidavits or declarations and exhibits.

1  screen which cases actually require resolution of disputed facts over material issues (through

2  presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the
> non-moving party must do to withstand a motion for summary
> judgment, has increased the utility of summary judgment. First, the
> Court has made clear that if the non-moving party will bear the
> burden of proof at trial as to an element essential to its case, and
> that party fails to make a showing sufficient to establish a genuine
> dispute of fact with respect to the existence of that element, then
> summary judgment is appropriate. *See Celotex Corp. v. Catrett*,
> 477 U.S. 317 (1986). Second, to withstand a motion for summary
> judgment, the non-moving party must show that there are "genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party."
> *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis
> added). Finally, if the factual context makes the non-moving
> party's claim implausible, that party must come forward with more
> persuasive evidence than would otherwise be necessary to show
> that there is a genuine issue for trial. *Matsushita Elec. Indus. Co.
> v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be
> argued that *any disagreement* about a material issue of fact
> precludes the use of summary judgment.

14  *California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert.*

15  *denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no

16  "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to

17  establish the existence of an element essential to that party's case, and on which that party will

18  bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236,

19  239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

20  **III.     Plaintiff's Alleged Failure to Exhaust**

21  A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he

22  has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This requirement is

23  mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner seeking leave to proceed *in*

24  *forma pauperis* in an action challenging the conditions of his confinement brings an action for

25  purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v.*

26  *Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available

1   administrative remedies before filing any papers in federal court and the prisoner is not entitled
2   to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d
3   1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown*
4   *v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

5          California prisoners may appeal "any departmental decision, action, condition, or policy
6   which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit.
7   15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for
8   grievance content. Cal. Code Regs. tit 15, §§ 3084.2, 3085. Prisoners ordinarily must present
9   their allegations on one informal and three formal levels of review, although the informal and the
10  first levels may be bypassed. Cal. Code Regs. tit. 15, § 3084.5. A division head reviews
11  appeals on the first formal level, *see* Cal. Code Regs. tit. 15, § 3084.5(b)(3) (authorizing bypass
12  of the first formal level when the division head cannot resolve it), and the warden or a designee
13  thereof reviews appeals on the second formal level. *See* Cal. Code Regs. tit. 15, § 3084.5(e)(1).
14  Generally, completion of the third level, the Director's Level of Review, exhausts the remedy.
15  Cal. Code Regs. tit. 15, § 3084.1(a).

16  **IV.    Summary of Facts**[5]

17         At all times relevant to the complaint, plaintiff was a lawfully incarcerated inmate and
18  defendant was a correctional officer at California State Prison, Sacramento (CSP-Sacramento).
19  Compl. at 1. Plaintiff claims that on October 26, 2004, he was in front of the four block building
20  when there was a call for yard down, an emergency procedure, usually in response to acts of
21  violence, in which all inmates are ordered to the ground. Compl. at 1. During yard down,
22  another inmate attempted to attack plaintiff. Compl. at 1. Plaintiff alleges that he got up to
23  protect himself and defendant ordered him to get down. Compl. at 1. Plaintiff further alleges
24  that defendant used excessive and unnecessary force to bring plaintiff down to the ground.

25
26         [5] The facts are taken from plaintiff's complaint and defendant's May 23, 2006, motion to
    dismiss.

1  Compl. at 1.

2       Plaintiff was issued a rules violation for disobeying the order to get down on October 26,

3  2004.  *See* Declaration of L. Dovey ("Dovey Decl."), Ex. 1, at 2.  Plaintiff filed a grievance on

4  November 28, 2004.  He also asked for his copy of the investigator's report to enable him to

5  prepare his defense at the rules violation hearing stemming from his conduct on October 26,

6  2004.  Dovey Decl. at 2.  Plaintiff's grievance bypassed the informal and first formal level of

7  review, and was denied at the second level of review on January 14, 2005.  Dovey Decl. at 2.

8  **V.    Analysis**

9       Defendant contends that, after being denied at the second level of review, plaintiff did not

10  submit his grievance to the Director's level of review.   Therefore, argues defendant, plaintiff did

11  not exhaust his administrative remedies prior to filing suit.  *See* Declaration of N. Grannis

12  ("Grannis Decl."), Ex. 2, at 3.  Plaintiff argues in opposition that he did in fact exhaust his

13  administrative remedies as his "602 appeal" was granted at the first level of review.  Plaintiff has

14  attached a copy of a 602 form as evidence.

15       Defendant argues in reply that this 602 form is patently falsified and points out numerous

16  bases for this allegation.  The court construes this as an evidentiary objection to the authenticity

17  to plaintiff's exhibit.  The objection is well-taken.  Plaintiff fails to establish a foundation for the

18  purported copy that would demonstrate its authenticity.  Indeed, there is ample reason to doubt

19  that the exhibit is authentic.  The declaration of L. Dovey, Appeals Coordinator at California

20  State Prison, Sacramento (CSP Sacramento), Exhibit 1 to defendant's June 16, 2006, reply brief,

21  points to several examples showing that plaintiff's proffered copy of the 602 has been falsified:

22       1)  When an appeal is filed with the appeals office at CSP-Sacramento, it is immediately
23       stamped with the date on which it is received.  Once an appeal is accepted by that office
         and sent out for review, it is assigned a log number.  Neither of these are present on the
24       copy of the form plaintiff has filed.

25       2)  The top right area on plaintiff's purported copy of the appeal form, form 602, entitled
         "Category," is where the appeals office places the assigned appeal number.  That number
26       is based on the type of grievance.  A complaint based on excessive force would be
         categorized as 7, not 1, as is listed on inmate Campbell's form.

3)  The first page of plaintiff's purported 602 indicates that the date it was submitted was October 18, 2004.  This is eight days before the alleged October 26, 2004, excessive force incident.

4)  The second page of plaintiff's form does not list a legible name for the person who interviewed plaintiff.  It simply states "Sgt."  Reviewers of inmate appeals routinely, as part of their regular duties, clearly print their name on the form.   Worse, the second page purports to be signed by what appears to be a Captain Perez.  CSP Sacramento does not, and did not in December 2004, employ a Captain Perez.

5)  Plaintiff's form states that his appeal was granted.   It states: "Appeal granted inmate claim of use of force should not of [sic] been used."  Under established procedures, if the appeal and claim of excessive use of force were granted, the institution would have indicated on the form, or in an attached response, that an internal investigation would be conducted regarding the officer's actions.

6) Finally, plaintiff's purported 602 is not in the CSP Sacramento appeals data base or appeals log.  Indeed, there has been only one appeal filed by plaintiff relating to the incident. Specifically, he received a rules violation report for his conduct of October 26, 2004, and on November 28, 2004, he filed an inmate appeal (SAC-A-05-00039) complaining that he did not receive a copy of the investigative employee's report 24 hours prior to his rules violation hearing.  It says nothing about excessive force.

Dovey Decl. at 2.  The copy of the 602 form filed by plaintiff lacks evidentiary foundation for its authenticity.  It is a copy that plaintiff produced and is not from a self-authenticating public record.  Neither has plaintiff submitted evidence to authenticate the exhibit as a true and accurate copy from an official record.  In contrast, the agency that is the custodian of the official record has submitted testimony demonstrating, disturbingly, that the copy produced by plaintiff has been falsified.  Defendant's objection to the admissibility of the exhibit in opposition to this motion is sustained.

Absent plaintiff's patently falsified exhibit, there is no evidence that plaintiff's appeal was exhausted at the Director's level of review.  Therefore, there is no genuine issue as to this dispositive fact.  A reasonable jury/fact finder could not find on the basis of any of the evidence presented that plaintiff has exhausted his administrative remedies.

Accordingly, it is hereby RECOMMENDED that:

1.  Defendant's May 23, 2006, motion to dismiss for failure to exhaust administrative remedies be granted; and

1      2.  The Clerk be directed to close this case.

2          These findings and recommendations are submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

4   being served with these findings and recommendations, any party may file written objections

5   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

6   to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

7   specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

8   F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9   Dated:  March 14, 2007.

10

11                          EDMUND F. BRENNAN

12                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26